UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00032-GNS

GREATER JASPER SCHOOLS                                        PLAINTIFFF
CONSOLIDATED EMPLOYEE
BENEFIT TRUST

v.

PHILLIP A. TOLBERT                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 16). For the reasons stated below, the motion is **GRANTED**.

### I.   STATEMENT OF FACTS

This lawsuit arises from claims by Plaintiff Great Jasper Consolidated Schools Employee Benefit Trust ("the Plan") against Defendant James Tolbert ("Tolbert") asserting its rights to subrogation under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3). (Compl. 1, DN 1). On July 15, 2014, Tolbert was operating a golf cart in which his wife was a passenger on a public road in Lyon County, Kentucky. (Compl. ¶ 9). After having consumed alcohol that day, Tolbert overturned the golf cart while navigating a curve at high speed, which resulted in multiple injuries to his wife. (Compl. ¶¶ 10-12). As a participant in the Plan, Tolbert's wife was paid at least $266,975.52 relating to those injuries, for which the Plan now seeks subrogation from Tolbert. (Compl. ¶ 13).

Tolbert asserts that the Plan's suit is untimely for falling outside the one-year statute of limitations for personal injuries in Kentucky. (Def.'s Mot. to Dismiss 4, DN 6). The Plan, however, argues that the golf cart Tolbert drove is a "motor vehicle" under the Motor Vehicle Reparations Act ("MVRA" or "the Act"), and accordingly, that their action is timely for being

within the Act's two-year statute of limitations for actions relating to injuries from motor vehicle accidents. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss 3, DN 17 [hereinafter Pl.'s Resp.]). This Court accepts Defendant's argument and finds the Plan's action untimely.

## II. JURISDICTION

This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, particularly 29 U.S.C. § 1132(a)(3).

## III. STANDARD OF REVIEW

A complaint will be dismissed when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Considering motions under Rule 12(b)(6) requires the Court to construe the complaint in the most favorable light for the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)(citation omitted). While the pleadings need not contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

Personal injury actions have a one-year statute of limitations in Kentucky. *See* KRS 413.140. The Motor Vehicle Reparations Act ("MVRA"), however, extends the statute of limitations to two years for personal injuries sustained in motor vehicle accidents. *See* KRS 304.39-230. "The MVRA[] is an attempt to improve the reparation system for motor vehicle accident victims. Its key features include compulsory insurance coverage, no-fault claims settlement, and a limited waiver of the right to seek tort damages." *Manies v. Croan*, 977 S.W.2d 22, 23 (Ky. App. 1998) (citation omitted). The Plan asserts that the golf cart Tolbert was

2

driving is a "motor vehicle," and that its claim is therefore timely because it was within the two-year statute of limitations of the MVRA. (Pl.'s Resp. 3). This contention is rejected.

In Kentucky, "a vehicle which by law is prohibited from operation on public highways [cannot] satisfy the language [the MVRA] . . . .". *Manies*, 977 S.W.2d at 24. The MVRA defines a "motor vehicle" as:

> any vehicle which transports persons or property upon the public highways of the Commonwealth, propelled by other than muscular power except road rollers, road graders, farm tractors, vehicles on which power shovels are mounted, such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property upon the highways, such vehicles as travel exclusively upon rails and such vehicles as are propelled by electrical power obtained from overhead wires while being operated within any municipality or where said vehicles do not travel more than five (5) miles beyond the said limits of any municipality. Motor vehicles shall not mean moped as defined in this section.

KRS 304.39-020(7). In *Manies*, the Kentucky Court of Appeals interpreted the Act to exclude from coverage all-terrain vehicles by focusing on the "public highways of the Commonwealth" text of the MVRA. *See Manies*, 977 S.W.2d at 23. The Court concluded that any vehicle prohibited from operating on the Commonwealth's public roads could not satisfy the "public highways" language of the Act. *See id*.

KRS 189.286 permits limited and controlled use of golf carts on public roadways only if the local governing body has authorized such use through adopting "an ordinance specifying each roadway that is open for golf cart use." KRS 189.286(2). Lyon County has not adopted such an ordinance permitting golf carts to be used on public roadways. (Def.'s Mot. to Dismiss 4). Since golf carts are not lawfully permitted for use on public roads in Lyon County, the golf cart involved in the underlying accident in Lyon County falls outside the scope of the MVRA. *See Manies*, 977 S.W.2d at 23.

The Plan urges the Court to find the golf cart Tolbert was operating satisfies the language of the Act because it was driven on a public road. (Pl.'s Resp. 6-7). In interpreting the MVRA, however, courts have not found dispositive a vehicle's *location* at the time of the injuries for deciding whether the Act applies, but instead have hinged that determination on the *lawfulness* of the operation of that type of vehicle on the public road where the accident occurred. *See Manies* 977 S.W.2d at 23; *Kenton Cty. Pub. Parks Corp. v. Modlin*, 901 S.W.2d 876, 878 (1995). The Plan appeals to dicta in *Modlin* that "a golf cart is capable of transporting persons or property upon a public highway and conceivably could be construed as a motor vehicle for purposes of applying MVR[A][]" to show that the particular golf cart at issue here - operated by Tolbert on a public road in Lyon County – falls within the scope of the Act. (Pl.'s Resp. 7 (quoting *Modlin* 901 S.W.2d at 878)). Again, this misses the point because the determining consideration is whether the vehicle is authorized for operation on the roadway by the local government.

In this instance, Lyon County has not made lawful the operation of golf carts on its public streets. As a result, the golf cart Tolbert operated was outside the scope of the MVRA, and the one-year statute of limitations found in KRS 413.140 governs this action. *See Manies*, 977 S.W.2d at 23. Accordingly, the Plan's action is untimely.

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 16) is **GRANTED.**

Greg N. Stivers, Judge
United States District Court
August 24, 2016

cc: counsel of record

4